LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SEBASTIAN SALAZAR,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class,*

                Plaintiff,

              v.

P.V. BAKERY, INC.
    d/b/a H & H MIDTOWN BAGELS EAST,
JOHN DOE CORPORATION
    d/b/a H & H MIDTOWN BAGELS EAST,
CLAY ANDERSON,
and JAY RUSHIN

              Defendants.

Case No:

**CLASS AND
COLLECTIVE
ACTION COMPLAINT**

---

      Plaintiff, SEBASTIAN SALAZAR, on behalf of himself, FLSA Collective Plaintiffs and the Class, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, P.V. BAKERY, INC. d/b/a H & H MIDTOWN BAGELS EAST and JOHN DOE CORPORATION d/b/a H & H MIDTOWN BAGELS EAST ("Individual Defendants" and together with "Corporate Defendants," "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime premium, (2) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and the Class are entitled to recover from Defendants: (1) unpaid overtime premium , (2) unpaid spread-of-hours premium, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SEBASTIAN SALAZAR, for all relevant time periods, was a resident of New York County, New York.

6. The Defendants operate two restaurants in Manhattan, NY with addresses as follows:

    a. P.V. BAKERY, INC. d/b/a H & H MIDTOWN BAGELS EAST – 1551 2nd Ave., New York, New York 10028;

    b. JOHN DOE CORPORATION d/b/a H & H MIDTOWN BAGELS EAST – 526 Columbus Ave, New York, NY 10024;

(Collectively, "Restaurants").

7. The Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership, have a common business purpose, and have centralized control of labor relations:

   a. The Restaurants are commonly owned and operated by the Individual Defendant, CLAY ANDERSON.

   b. The Restaurants are advertised jointly as a common enterprise on Defendants' website, https://www.hhmidtownbagelseast.com/ , which also lists all of the Restaurants' locations and addresses.

   c. Defendants' website provides the same e-mail address (INFO@HHMIDTOWNBAGELSEAST.COM) as the contact email address for all Restaurants.

   d. Defendants' website provides one "LOGIN/REGISTER" section that allows shopping of all the Restaurants.

   e. The Restaurants share a common logo and one menu

   f. Supplies and employees are freely interchangeable amongst the Restaurants' locations. Plaintiff SEBASTIAN SALAZAR worked at all the Restaurants' locations.

8. Corporate Defendants

   a. P.V. BAKERY, INC. d/b/a H & H MIDTOWN BAGELS EAST is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 1551 2nd Ave., New York, New York 10028;

   b. JOHN DOE CORPORATION d/b/a H & H MIDTOWN BAGELS EAST is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 526 Columbus Ave, New York, NY 10024;

9. Individual Defendants

   a. CLAY ANDERSON is a principal of the Restaurants. He regularly visits each of the Restaurants. CLAY ANDERSON exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. He exercised the power and authority to fire and hire, determined rate and method of payment, determined work schedules and otherwise affected the quality of employment, of Plaintiff, the FLSA Collective Plaintiffs and the Class members. He also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

   b. JAY RUSHIN is a Chief Executive Officer of the Restaurants. He exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members' employment. He exercised the power and authority to fire and hire; determined rate and method of payment, determined work schedules and otherwise affected the quality of employment, of Plaintiff, the FLSA Collective Plaintiffs and the Class members. He also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

10. At all relevant times, Corporate Defendants were and continue to be "enterprises engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to bagel makers, food preparers, dishwashers, cashiers, counter persons and delivery persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek; (ii) ) liquidated damages; and (iii) attorneys' fees and costs. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS- NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including but not limited bagel makers,

food preparers, dishwashers, cashiers, counter persons and delivery persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of 40 per workweek, (ii) failing to pay proper wages due to the fixed salary policy, (iii) failing to pay spread of hours premium, (iv) failing to provide proper wage statements per requirements of the New York Labor Law, and (v) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or

wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

    d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

    e) Whether Defendants failed to keep true and accurate time records for all hours worked by the Class Members;

    f) Whether Defendants failed to pay Class members compensation for all of the hours they worked;

g) Whether Defendants failed to pay Class members spread-of-hours premium;

h) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

i) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law; and

j) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law.

## STATEMENT OF FACTS

23. Throughout SEBASTIAN SALAZAR's employment with Defendants, he was employed to work at H & H MIDTOWN BAGELS EAST located at 1551 2nd Ave., New York, New York 10028. From in or about January 2007 to on or about December 15, 2017, Plaintiff SEBASTIAN SALAZAR was employed by Defendants as a bagel maker. Plaintiff worked six days a week. In the past six years, Plaintiff SEBASTIAN SALAZAR was also required to work at H & H MIDTOWN BAGELS EAST, located at 526 Columbus Ave, New York, NY 10024 on an as needed basis.

24. Throughout Plaintiff's employment, he regularly worked over 40 hours per week, and over 10 hours per day. Specifically, SEBASTIAN SALAZAR worked from 4 am to 3 pm, six days a week, for a total of 66 hours per week.

25. From in or about January 2012 to in or about December 2016, he was paid at a fixed salary rate of $700.00 in cash for all hours worked, including all hours over 40 per week. From in

or about January 2017, to on or about December 15, 2017, Plaintiff was paid at a fixed salary rate of $900.00 per week in cash for all hours worked, including all hours over 40 per week.

26. Although Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

27. Plaintiff and other Class Members regularly worked over 10 hours a day, but they were never paid spread-of-hours premium.

28. At no time during the relevant time periods did Defendants provided Plaintiff or Class members with proper wage notices or wage statements as required by NYLL. Defendants failed to provide Plaintiff and Class members with paystubs to reflect their hours worked or hourly rate.

29. Defendants unlawfully failed to compensate Plaintiff, the FLSA Collective Plaintiffs, and Class members for up to 26 hours per week due to Defendants' fixed salary policy. On an ad hoc basis, Defendants would fail to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all of their hours worked.

30. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

31. Plaintiff realleges and reavers Paragraphs 1 through 30 of this class and collective action Complaint as if fully set forth herein.

32. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

33. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

34. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.00.

35. At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

36. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

37. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, unpaid compensation due to fixed salary plus an equal amount as liquidated damages.

40. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

41. Plaintiff realleges and reavers Paragraphs 1 through 40 of this class and collective action Complaint as if fully set forth herein.

42. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

43. Defendants willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

44. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium required by state law.

45. Defendants failed to properly notify Plaintiff and Class members of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

46. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

47. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

48. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each and unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

g. An award of the spread of hours pay pursuant to the New York Labor Law;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 9, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: _____*/s/ C.K. Lee*_____
C.K. Lee, Esq. (CL 4086)