# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

January 28, 2020

**Via ECF**
The Honorable John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _2-5-20_

Re:  *Salazar v. P.V. Bakery, Inc., et al.*
Case No. 18-cv-4153 (JGK)

Dear Judge Koeltl:

We are counsel to Plaintiff and write, jointly with counsel to Defendants, to (i) provide the Court with the parties' Addendum to Settlement Agreement and Release ("Addendum"), and (ii) in view of the Addendum, to supplement Plaintiff's Second Motion for An Order (1) Conditionally Certifying Class and Collective Action, (2) Granting Preliminary Approval to Proposed Class Action Settlement and Plan of Allocation, (3) Directing Dissemination of Notice and Related Material to the Class, and (4) Setting Date for Fairness Hearing and Related Dates ("Preliminary Approval Motion").

On December 13, 2018, the parties entered into a class settlement, memorialized by a Settlement Agreement and Release (the "Settlement Agreement"), and on December 14, 2018 Plaintiff filed his unopposed Preliminary Approval Motion. Following a preliminary approval hearing on January 11, 2019, the parties submitted updated settlement documents and a Second Motion for Preliminary approval on February 25, 2019. On February 26, 2019 the Court issued an Order granting preliminary approval.

The Settlement Agreement contemplated that, should the class size exceed 125 individuals, the parties' would renegotiate, including referring the matter to mediator Evan Spelfogel, Esq. for binding arbitration if necessary. Upon compilation of their employment records from their payroll provider, following preliminary approval, Defendants realized that the class size did exceed the originally contemplated class size. In view of the increased class size, and after several months of discussions between the parties and Mr. Spelfogel, the settlement terms were modified to include an increase in the settlement fund, from $300,000 to $320,000. The parties have executed the Addendum, memorializing the revised settlement terms, attached hereto as **Exhibit A**. Other than those amendments set forth in the Addendum, the remainder of the terms of the settlement remain unchanged.

In view of the foregoing, the parties respectfully request the Court grant approval of the Settlement Agreement, as amended by the Addendum. For the Court's convenience, we have prepared a Revised Proposed Order, attached hereto as **Exhibit B** and a Revised Proposed Notice, attached hereto as **Exhibit C**.

Respectfully submitted,

*/s/ Anne Seelig*
cc: all parties via ECF

EXHIBIT A

## ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

In accordance with Section 5.12 of the Settlement Agreement and Release dated February 25, 2019 ("Settlement Agreement"), the parties, through their respective counsel, agree to amend the Settlement Agreement as follows:

### 1.  Amendment to Paragraph 1.17 of Settlement Agreement

Paragraph 1.17 of the Settlement Agreement shall be deleted and replaced by the following:

"**Gross Settlement Fund.**" "Gross Settlement Fund" refers to $320,000, the amount Defendants have agreed to pay to the Settlement Administrator pursuant to this Agreement to fully resolve and satisfy any claims for attorneys' fees, expenses and costs approved by the Court, administration fees, any and all amounts to be paid to Authorized Claimants, and any Court-approved Service Award.

### 2.  Amendment to Paragraph 3.1 of Settlement Agreement

Paragraph 3.1(A) of the Settlement Agreement shall be deleted and replaced by the following:

Defendants agree to create a "Gross Settlement Fund" in the amount of $320,000, which shall fully resolve and satisfy any claims for (i) attorneys' fees, expenses and costs approved by the Court, (ii) fees to the Settlement Administrator approved by the Court and (iii) all amounts to be paid to all Authorized Claimants for releasing claims as set forth herein, and any Court-approved Service Awards.

Paragraph 3.1(B) of the Settlement Agreement shall be deleted and replaced by the following:

Defendants shall fund the Gross Settlement Fund as follows: $48,000 of the Settlement Amount shall be funded no later than February 15, 2019, into the escrow account of Helbraun & Levey LLP. Thereafter, Defendants shall pay 24 monthly installments of $11,333.33 each, with payments to be made on or prior to the last business day of every month, starting March 1 2020, until the full balance of the Settlement Amount is paid. Up until the date the Court grants preliminary approval of the Settlement Agreement, as amended by the instant Addendum to Settlement Agreement and Release, all installment payments will be funded into the escrow account of Helbraun & Levey LLP. After preliminary approval, the funds will be transferred to the escrow account of the Settlement Administrator, and all installment payments paid thereafter shall be funded into the escrow account of the Settlement Administrator.

3.      Amendment to Paragraph 3.2 of Settlement Agreement

Paragraph 3.2 of the Settlement Agreement shall be deleted and replaced by the following:

At the Fairness Hearing, Class Counsel will petition the Court for an award of attorneys' fees of 1/3 of the Gross Settlement Amount ($106,666) plus additional costs and expenses to be paid out of the Gross Settlement Fund. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court. After payment of the approved attorneys' fees award and costs, Defendants shall have no additional liability for Class Counsel's attorneys' fees, expenses and costs.

4.      Amendment to Paragraph 3.5 of Settlement Agreement

Paragraph 3.6 of the Settlement Agreement shall be deleted and replaced by the following:

CAFA Notice. Within 10 days after this proposed Addendum to Settlement Agreement and Release is filed or otherwise presented to the Court, the Defendants will serve upon the appropriate officials in every state in which a Class Member resides (based upon Class Members' last known addresses) and the Attorney General of the United States a notice of the proposed settlement ~~in compliance~~ *in compliance with the requirements of the Class Action Fairness Act of*.



5.      General

(a)     Any all references in the Settlement Agreement to the Court's preliminary approval of the Settlement Agreement are amended to refer to the Court's preliminary approval of the Settlement Agreement, as amended by the Addendum.

(b)     This Addendum to the Settlement Agreement may be executed in counterparts and circulated electronically or by facsimile, and all counterparts, taken together, shall constitute one and the same instrument.

(b)     All questions with respect to the construction of this Addendum to the Settlement Agreement, and the rights and liabilities of the parties hereto, shall be governed by the laws of the State of New York without application of New York's conflict of laws principles.

## WE AGREE TO THESE TERMS,

Counsel to the Named Plaintiff,
**FLSA Collective Plaintiffs**
and Class Members:

By: _____
        C.K. Lee, Esq.

Dated: 1-28-20

Counsel to Defendants

By: _____
        Lee Jacobs, Esq.

Dated: 1 / 28 / 2020

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x

SEBASTIAN SALAZAR, on behalf of )
himself, FLSA Collective Plaintiffs and )
the Class, )
          )
           Plaintiff, )     18-CV-4153
          )
           v. )     **ECF Case**
          )
P.V. BAKERY, INC. d/b/a H&H MIDTOWN )
BAGELS EAST, et al. )
          )
           Defendants. )
          )
          )

--------------------------------------------------------- x

### [PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT, AS AMENDED BY ADDENDUM, AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES

After participating in a private mediation session, and despite their adversarial positions

in this matter, Plaintiff Sebastian Salazar ("Plaintiff") and Defendants P.V. Bakery Inc., Clay

Anderson and Jay Rushin (collectively "Defendants") (with Plaintiff, the "Parties") negotiated a

settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in

the proposed Settlement Agreement and Release, as amended by the Addendum to Settlement

Agreement and Release ("Settlement Agreement").

On December 14, 2018, Plaintiff filed a Notice Of Motion For Order (1) Conditionally

Certifying Settlement Class, (2) Granting Preliminary Approval To Proposed Class Action

Settlement And Plan Of Allocation, (3) Directing Dissemination of Notice And Related Material

To The Class, and (4) Setting Date For Fairness Hearing And Related Dates ("Motion"). In his

Motion, Plaintiff requested that, for settlement purposes only, this Court conditionally certify a

class under Federal Rule of Civil Procedure 23 and a co-extensive collective action under Section 16(b) of the Fair Labor Standards Act. Plaintiff also requested that the Court grant preliminary approval to the Settlement Agreement, including the plan of allocation in that Agreement, and that the Court approve a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," attached ~~hereto~~ as Exhibit B to the Declaration of C.K. Lee *~~and~~ ⌐dated 2/25/19, Docket No. 44 ("Lee Decl.")* and a proposed change of address form (attached ~~hereto~~ *Lee Decl.* as Exhibit C to the ~~Declaration of C.K. Lee~~). Following a preliminary approval hearing on January 11, 2019, the parties filed a preliminary approval supplement on February 20, 2019, together with a revised Settlement Agreement ("Revised Settlement Agreement"), revised Proposed Notice, and revised Motion for Preliminary Approval. Following the Court's initial preliminary approval, on January 21, 2020 the parties filed an Addendum to Settlement Agreement and Release, modifying certain settlement terms. Having reviewed the Revised Settlement Agreement and Motion, the preliminary approval supplement, and the Addendum to Settlement Agreement and Release, along with the Parties' prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

## I. Background

Plaintiff in this lawsuit was employed by Defendants and brings claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff claims, *inter alia*, that Defendants failed to pay employees proper overtime pay, and failed to meet the NYLL's requirements on wage statements and notices. Plaintiff, for himself and others he claims are similarly situated, sought to recover, *inter alia*, unpaid wages, liquidated damages, penalties, injunctive relief and attorneys' fees and costs. Defendants have disputed, and continue

-2-

to dispute. Plaintiff's allegations in this lawsuit, and Defendants deny any liability for any of the claims that have or could have been alleged by Plaintiff or the persons that he seeks to represent.

## II.     Definition Of The Settlement Class

The Parties have entered into the Settlement Agreement solely for the purposes of compromising and settling their disputes in this matter. As part of the Settlement Agreement, Defendant has agreed not to oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and 29 U.S.C. § 216(b) of the following settlement class (the "Class"):

> Named Plaintiff, opt-in plaintiffs, and all current and former non-exempt employees employed by Defendants in the positions of bagel makers, dishwashers, cashiers, counter persons and delivery persons, from May 9, 2012 to November 12, 2018, who do not opt-out of the Litigation.

## III.     Designation Of The Class As An FLSA Collective Action

The Court finds that the members of the Class are similarly situated within the meaning of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of determining whether the terms of settlement are fair. Accordingly, the Court conditionally certifies the Class as an FLSA collective action. The Court authorizes the proposed Notice, ECF filed on January 22, 2020, to be mailed to potential members of the FLSA collective action, notifying them of the pendency of the FLSA claim, and of their ability to join the lawsuit.

Members of the Class who sign, negotiate, endorse, deposit or cash their Settlement Checks in this matter will acknowledge the following: "RELEASE OF CLAIMS: By my endorsement of this check I opt into the lawsuit S.D.N.Y. 18-cv-4153, for settlement purposes only, and release all of my claims as described in the class settlement agreement." All Settlement Checks shall be deemed filed with the Court at the time each Qualified Class Member signs, endorses, deposits, cashes or negotiates such his or her Settlement Checks."

-3-

## IV. Rule 23 Certification of the Class

This Court finds (exclusively for the present purposes of evaluating the settlement) that Plaintiff meets all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). As required under Rule 23(a), Plaintiff has demonstrated that his class is sufficiently numerous, as there are approximately 200 Class members; that there are common issues across the class, including whether Class members were paid the proper overtime, spread of hours premium, and received accurate wage statements and wage notices; that the Plaintiff's claims, of unpaid overtime, spread of hours, and WTPA violations are typical of the class; and that the Plaintiff and his attorneys would be an effective Class Representative and Class counsel, respectively. The Court also finds that the common issues identified by Plaintiff predominate over any individual issues in the case such that a class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability. The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3). Accordingly, pursuant to Rule 23(c) and (e), the court certifies this class for the purposes of settlement, notice and award distribution only.

Should this Settlement not receive final approval, be overturned on appeal, or otherwise not reach completion, the class and collective certification granted above shall be dissolved immediately upon notice to the Plaintiff and Defendants, and this certification shall have no further effect in this case or in any other case. Plaintiff will retain the right to seek class and collective certification in the course of litigation, and Defendants will retain the right to oppose class and collective certification. Neither the fact of this certification for settlement purposes only, nor the findings made herein, may be used to support or oppose any Party's position as to

-4-

any future class or collective certification decision in this case, nor shall they otherwise have any impact on such future decision.

## V.     Appointment Of Class Representative And Class Counsel, Appointment of Claims Administrator

Plaintiff Sebastian Salazar is appointed as class representative of the Class, both under Rule 23 and under 29 U.S.C. § 216(b).

C.K. Lee, Esq. of Lee Litigation Group, PLLC is appointed as class counsel for the Class ("Class Counsel").

CPT Group is appointed as Claims Administrator.

## VI.    Disposition Of Settlement Class If Settlement Agreement Does Not Become Effective

If, for any reason, the Settlement Agreement ultimately does not become effective, this Order conditionally certifying the settlement class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action. In particular, the class certified for purposes of settlement shall be decertified, and Defendants will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiff.

## VII.   Preliminary Approval Of The Terms Of The Settlement Agreement, Including The Proposed Plan Of Allocation

The Court has reviewed the terms of the Settlement Agreement, as amended by the Addendum, and the description of the Settlement in the Motion papers. Based on that review,

-5-

the Court concludes that the Settlement is within the range of possible Settlement approval such that notice to the Class is appropriate.

The Court has also read and considered the declaration of C.K. Lee in support of preliminary approval. Based on review of that declaration, the Court concludes that the Settlement was negotiated at arms length and is not collusive. The Court further finds that Class Counsel were fully informed about the strengths and weaknesses of the Class's case when they entered into the Settlement Agreement.

As to the proposed plan of allocation, the Court finds that the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted. The proposed plan of allocation is also within the range of possible approval such that notice to the Class is appropriate.

Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement and the Plan of Allocation. This Order supersedes the previous preliminary approval Order at Dkt. 45.

## VIII.  Approval Of The Form And Manner Of Distributing Class Notice and Opt-Out Statement

Plaintiff has also submitted for this Court's approval a proposed Class Notice and change of address form. The Court now considers each of these documents in turn.

The proposed Class Notice and change of address form appear to be the best notice practicable under the circumstances and appear to allow the Class Members a full and fair opportunity to consider the Parties' proposed settlement and develop a response. The proposed plan for distributing the Class Notice and change of address form appears to be a reasonable method calculated to reach all Class Members who would be bound by the settlement.

-6-

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; (6) appropriate information about how to notify the Claims Administrator of any address changes; and (7) appropriate instructions as to how to obtain additional information regarding this litigation, the Settlement Agreement, and the Settlement.

The Court, having reviewed the proposed Class Notice and change of address form, finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby Orders as follows:

1.      The form and manner of distributing the proposed Notice Materials are hereby approved.

2.      Promptly following the entry of this Order, the parties shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order, as well as the estimated per week award, which will be submitted to the Court for its final approval prior to mailing.

3.     Within 20 calendar days of the date of entry of this Order,

Defendants will provide the Claims Administrator and Class Counsel with the information regarding Class Members in accordance with the Settlement Agreement.

4.     Within 30 calendar days of the date of entry of this Order, and provided the Court approves the final versions of the Notice Materials, the Claims Administrator shall mail, via First Class United States Mail, postage prepaid, the final version of the Class Notice, along with the change of address form, using each Class Member's last known address as recorded in Defendants' payroll system. The Claims Administrator shall take reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and otherwise to provide the Class Notice. The Claims Administrator will attempt re-mailing to Class Members for whom the mailing is returned as undeliverable. The Claims Administrator shall notify Class Counsel and Defendants' Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing, and as well as any such mail returned as undeliverable after the subsequent mailing.

5.     The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## IX.     Procedures For Final Approval Of The Settlement

### A.     Fairness Hearing

The Court hereby schedules, for $\underline{6/25/2\varrho}$ at the hour of $\underline{\quad p.M.}^{30}$ a hearing to determine whether to grant final certification of the Settlement Class, and the FLSA collective action, and final approval of the Settlement Agreement and the Plan of Allocation (the "Fairness Hearing"). At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel, and any service payment

-8-

to be made to the Plaintiff and opt-in plaintiff. Class Counsel shall file their petition for an award of attorneys' fees and reimbursement of costs/expenses and the petition for an award of service payments no later than 15 days prior to the Fairness Hearing.

**B.     Deadline To Request Exclusion From The Settlement**

Class Members who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Claims Administrator ("Opt-Out Statement"). To be effective, such Opt-Out Statements must be delivered to the Claims Administrator and postmarked by a date certain to be specified on the Notice, which will be 60 calendar days after the Claims Administrator makes the initial mailing of the notice.

The Claims Administrator shall stamp the postmark date of the Opt-Out Statement on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendant's Counsel not later than 2 business days after receipt thereof. The Claims Administrator also shall, within 5 calendar days after the end of the Opt-Out Period, provide Class Counsel and Defendants' Counsel with (1) stamped copies of any Opt-Out Statements, with Social Security Numbers redacted, and (2) a final list of all Opt-Out Statements. Also within 5 calendar days after the end of the Opt-Out Period, the Claims Administrator (or counsel for the Parties) shall file with the Clerk of Court copies of any timely submitted Opt-Out Statements with Social Security Numbers and addresses redacted. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

**C.     Deadline For Filing Objections To Settlement**

Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be (1) delivered to the Claims Administrator and postmarked by a date certain, to be specified on the Notice, which shall be 45 calendar days after the initial mailing by the Claims Administrator of such Notice.

The Claims Administrator shall stamp the postmark date and the date received on the original and send copies of each objection to the Parties. The Claims Administrator shall also file any and all objections with the Clerk of Court within 10 calendar days after the end of the bar date.

### D. Deadline For Filing Motion For Judgment And Final Approval

No later than 15 days before the Fairness Hearing, Plaintiff and Defendants will submit a joint Motion for Judgment and Final Approval of the Settlement Agreement and Settlement.

### E. Plaintiffs, Declarant's And Class Members' Release

If, at the Fairness Hearing, this Court grants Final Approval to the Settlement Agreement and Settlement, Plaintiff, and each individual Class Member who does not timely opt out will release claims, by operation of this Court's entry of the Judgment and Final Approval, as described in the Settlement Agreement.

### F. Qualification for Payment

Any Class Member who does not opt out will qualify for payment and will be sent a check containing his or her distribution of the Settlement after final approval of the settlement.

DATED: 2/4/20

Hon. John G. Koeltl
United States District Judge

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEBASTIAN SALAZAR,
on behalf of himself,
FLSA Collective Plaintiffs and the Class,

                      Plaintiff,

         v.

P.V. BAKERY, INC.
d/b/a H&H MIDTOWN BAGELS EAST, et al.,

                Defendants.

---

Case No.: CV-18-4153

**NOTICE OF PROPOSED
CLASS ACTION SETTLEMENT**

---

**If you were employed at H&H MIDTOWN BAGELS EAST (including by the
individually named defendants "Defendants") as a non-exempt employee in the position
of bagel maker, dishwasher, cashier, counter person and delivery person, from May 9,
2012 to November 12, 2018, please read this Notice.**

DATED:    [_____, 2020]

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a class and collective action litigation. It has
been authorized by a federal court. It contains important information as to your right to
participate in the settlement, make a claim for payment or elect not to be included in the
class.**

### Introduction

A former employee of Defendants, Sebastian Salazar, filed a lawsuit for allegedly unpaid
overtime premiums, and other claimed damages against Defendants. The Court in charge of this
case is the United States District Court for the Southern District of New York. The lawsuit is
known as *Salazar v. P.V. Bakery Inc., et al.* The person who filed the lawsuit is called the
Plaintiff. Plaintiff alleges in the lawsuit that, among other things, Defendants failed to pay him
and other employees the proper overtime in violation of the Fair Labor Standards Act ("FLSA")

and New York State Labor Law ("NYLL"). Defendants deny the Plaintiff's allegations. It is Defendants' position that they properly compensated Plaintiff and other employees.

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their best interests to resolve Plaintiff's claims on behalf of Plaintiff and other employees. Accordingly, Plaintiff and Defendants have agreed to settle the action. Defendants have agreed to pay $320,000 to cover the claims of all of the employees in this case as well as expenses such as attorneys' fees. The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

Based on the Settlement Administrator's calculation, a Class Member will receive approximately $[amount to be calculated and submitted to Court for approval prior to mailing] for each week worked during the relevant statutory period.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**DO NOTHING**   If you choose to participate in the settlement, you do not have to do anything. Once the settlement is approved by the Court, you will automatically receive your allocated settlement amount.

**EXCLUDE YOURSELF**   If you wish to exclude yourself ("opt-out") from the lawsuit you must follow the directions outlined in response to question 7 below.

**OBJECT**   If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Law unless you submit a valid and timely opt-out form. You will not be bound by the settlement if you opt-out of this action as described herein. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement.

**1. Why did I receive this notice?**

You have received this notice because Defendants' records show that you worked at their bagel shop as a bagel maker, dishwasher, cashier, counter person and/or delivery person at sometime between from May 9, 2012 and November 12, 2018.

**2. What is a class action?**

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who may have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable John G. Koeltl, United States District Judge of the United States District Court for the Southern District of New York is presiding over this class action. Judge Koeltl has not made any determination about who is right or wrong in this lawsuit.

### 3. Why is there a settlement?

Class Counsel analyzed and evaluated the claims made against Defendants in the litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiff and potential Class Members and evaluated Defendants' ability to pay a judgment. Based upon Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff and the Class Members. Your estimated portion of the settlement will be based on the number of weeks you worked during the class period, after all attorneys' fees, costs, service payment, release payment ~~release payment~~ and administrative charges have been paid.

### 4. Payment to Class

If you do nothing, you will automatically be deemed to be part of the class settlement. You will be paid a proportionate share of the Settlement Fund based on a formula taking into account weeks you worked for Defendants during the period May 9, 2012 and November 12, 2018. Based on the parties' calculation, a Class member will receive approximately $[amount to be calculated and submitted to Court for approval prior to mailing] for each week worked during the relevant statutory period. If you would like information about the amount of your individual settlement payment, please contact Settlement Administrator, [Settlement Administrator Address and Telephone Number].

Any unclaimed funds shall first be applied to a redistribution to those Class members that cashed their initial settlement checks, to the extent practicable. Thereafter, any unclaimed funds shall be applied to a *cy pres* charitable donation as determined by Plaintiff's counsel and Defendants' counsel, subject to Court approval.

### 5. Payments to Class Representative

The Settlement proposes that named Plaintiff Sebastian Salazar, and Opt-in Plaintiff David Esquivel, who took a lead role in this litigation and assisted in its resolution will each apply to the Court for approval of a service payment in the amount of $10,000 each, for their significant involvement and time in discovery for the benefit of the Class Members.

### 6. Procedures

3

If you do nothing, you will automatically participate in the class settlement. If you want to exclude yourself, please refer to Paragraph 7 hereto.

If the Court grants final approval of the Settlement, this action will end, and Class Members who do not opt out will release Defendants through November 12, 2018 from all claims asserted in the Complaint as described below. This means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendants regarding the claims brought in this case, although you may still retain certain Federal claims. It also means that all of the Court's orders will apply to you and legally bind you.

The Release in the Settlement Agreement provides that:

(i)     **With respect to claims under New York State law, you are releasing all of your wage and hour claims that could have been asserted, for the period May 9, 2012 to November 12, 2018 and**

(ii)    **With respect to claims under federal law, you are releasing all of your wage and hour claims that could have been asserted, for the period May 9, 2015 to November 12, 2018.**

**By failing to opt-out of this lawsuit, you will automatically be part of the class settlement for the New York State law claims. By endorsing and depositing a settlement check, you will automatically be part of the collective class settlement for the federal law claims.**

### 7. How Do I Exclude Myself From The Settlement?

If you do not want to participate in the class settlement, you must take steps to exclude yourself from this case.

If you want to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the Midtown Bagels wage and hour settlement" and include your name, address, and telephone number ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by [_____], 2020.

> Settlement Administrator
> [Settlement Administrator Address]

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

### 8. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?

4

No. By participating in the settlement, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case.  If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is [_____], 2020.

**9. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

**10. Do I have a lawyer in this case?**

The law firm of Lee Litigation Group, PLLC, 30 East 39th Street, Second floor, New York, New York 10016, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11. How will the service providers be paid?**

Class Counsel will ask the Court to approve payment of up to $106,666 (1/3 of the settlement fund established by Defendants) to them for attorneys' fees, plus additional costs and expenses to be determined. The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences and negotiating and overseeing the settlement.

Class Counsel will apply to the Court for a payment not to exceed $25,000 as fees to the Settlement Administrator to administer the settlement.

**12. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement in Salazar v. P.V. Bakery, Inc., et al. Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, and telephone number.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. Your statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection. Mail the objection to the Settlement

5

Administrator via First-Class United States Mail to the address below. Your objection will not be heard unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by [_____], 2020.

Settlement Administrator
[Settlement Administrator Address]

The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

**13. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you are not allowed to object because the case no longer affects you.

The Court will hold a hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

**14. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at [_____] a.m./p.m. on [_____], 2020, in Courtroom 14A at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**15. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.