UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEBASTIAN SALAZAR, *on behalf of himself, FLSA Collective Plaintiffs and the Class*,

                          Plaintiff,

    v.

P.V. BAKERY, INC. d/b/a H&H MIDTOWN BAGELS EAST, JOHN DOE CORPORATION d/b/a H&H MIDTOWN BAGELS EAST, CLAY ANDERSON, and JAY RUSHIN,

                          Defendants.

No. 18-cv-4153

---

**ORDER GRANTING (1) PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVES' SERVICE AWARDS; (3) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

1

On December 13, 2018, the Parties entered into a class settlement, memorialized by a Settlement Agreement and Release, and on December 14, 2018, Plaintiff filed his Unopposed Motion for Preliminary Approval of the Class Settlement. Following a preliminary approval hearing on January 11, 2019, the Parties submitted updated settlement documents and a Second Motion for Preliminary Approval of Class Settlement on February 25, 2019, which for settlement purposes only Defendants did not oppose. On February 26, 2019, the Court issued an Order granting preliminary approval.

Following the preliminary approval order, the Parties became aware that the class size was greater than the size originally anticipated at the signing of the Settlement Agreement and Release on February 25, 2019 (hereinafter "Settlement Agreement). Therefore, pursuant to the procedures outlined in the Settlement Agreement for such circumstance, the Parties conferred and entered into a final, increased settlement totaling $320,000, which was memorialized in their Addendum to Settlement Agreement and Released (hereinafter "Addendum") on January 28, 2020.Declaration of C.K. Lee in Support of Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Lee Decl.") ¶ 21.

On February 26, 2019, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, appointing CPT Group as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order"). Docket No. 45.

On June 10, 2020, Plaintiff filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final

Approval"), which for settlement purposes only Defendants did not oppose. That same day, Plaintiff also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for a Service Award ("Motion for Service Award"). The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on July 9, 2020. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Award, and the supporting declarations, the oral argument presented at the July 9, 2020 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the July 9, 2020 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5. The Court confirms as final the appointment of Plaintiff Sebastian Salazar and

Opt-In Plaintiff David Esquivel as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. Following the expiration of ninety (90) days following the Class Action Fairness Act, 28 U.S.C. §1715 (CAFA) notice mailing by Defendants, and provided no comments or objections have been received, the Court finds that the requirements of CAFA will have been satisfied.

8. The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.

10. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

11. The settlement is also substantively fair. All of the factors set forth in *Grinnell*,

which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

12. The Court also finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement.

13. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

14. The Settlement Administrator shall make an interim distribution to Authorized Claimants representing one-half of their calculated settlement payment, after 12 months of installment payments have been funded.

15. The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel their requested fees of one-third of the $320,000 Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class

Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market.

16. The Court also awards Class Counsel reimbursement of a portion of their litigation expenses in the amount of $400.00, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

17. The Court approves and finds reasonable the service award for Named Plaintiff Sebastian Salazar in the amount of $10,000 and the service award for Opt-In Plaintiff David Esquivel in the amount of $10,000, in recognition of the services they rendered on behalf of the class. These awards, amounting to $20,000 in total, shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement and Release.

18. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $25,000, which shall be paid by or on behalf of Defendants, outside of and in addition to the Settlement Fund, according to the terms of the Parties' Settlement Agreement and Release.

19. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Defendants.

20. Only upon confirmation by Class Counsel that the settlement has been fully funded by Defendants to the Settlement Administrator, shall this Order be deemed final. This litigation shall otherwise be dismissed with prejudice, subject to reopening in the event there is

any payment default under the terms of the Settlement Agreement and Addendum. No release under the Settlement Agreement shall be effective until the full amount of the $320,000 Settlement Fund has been funded by Defendants.

21. The Court retains jurisdiction over this action or the purpose of enforcing the Settlement Agreement and Addendum, enforcing Defendants' obligations to fund the Settlement Amount and interest penalty (if any), and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement and Addendum, which are incorporated herein, and this Order.

It is so ORDERED this day  30  of  July , 2020.

/s/ John G. Koeltl
The Honorable John G. Koeltl
United States District Judge